IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL BANKS SUTTON, II, | § | |
| INDIVIDUALLY AND AS | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF SAMUEL BANKS SUTTON, | § | |
| DECEASED, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:11-CV-2669-D |
| VS. | § | |
| | § | |
| AIRSEP CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to remand this case that was removed based on diversity jurisdiction and on the premise that the in-state defendant was improperly joined. The court concludes that the removing defendant has failed to meet its heavy burden of establishing improper joinder and therefore grants plaintiffs' motion to remand the case to state court.

I

Plaintiffs brought this wrongful death and survival action in Texas state court following a fire at the home of their decedent, Samuel Sutton ("Sutton"). According to plaintiffs' state-court original petition ("petition"), the fire caused Sutton to suffer severe burns and eventually to die. Plaintiffs maintain that the fire was caused by an AirSep NewLife Elite oxygen concentrator, manufactured by defendant Airsep Corporation ("Airsep"); that defendant Lincare, Inc. ("Lincare") provided the oxygen concentrator to

Sutton; and that Sutton was at the time under the care and supervision of defendant Outreach Health Services, Inc. ("Outreach").  Plaintiffs sued Airsep, Lincare, and Outreach in Texas state court alleging claims for products liability, breach of warranty, and negligence.  Airsep, with the consent of Outreach and Lincare, removed the case to this court based on diversity of citizenship, asserting that Outreach, a Texas citizen, had been improperly joined. Plaintiffs move to remand, contending that Outreach has been properly joined and that the court lacks diversity jurisdiction since the parties are not completely diverse citizens.[1]

## II

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "When a defendant removes a case to

---

[1]Airsep is a New York corporation with its principal place of business in New York, Lincare is a Delaware corporation with its principal place of business in Florida.  Outreach is a Texas corporation with its principal place of business in Texas.

federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id*. at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id*. at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id*. at 573.

> The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id*. (footnote omitted).  In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Id*.  Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id*. at 573-74.  The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits."  *Id*. at 574.

III

The court turns to plaintiffs' petition to determine whether Airsep has satisfied its heavy burden of establishing the improper joinder of Outreach.

A

 One of the claims that plaintiffs assert against Outreach is an action for negligence. Under Texas law, the "elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach."  *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).  In a medical malpractice case "[t]he plaintiff must prove: (1) a duty on the part of the defendant to act according to applicable standards of care; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of the standard of care and the injury."  *Mariner Health Care of Nashville, Inc. v. Robins*, 321 S.W.3d 193, 205 (Tex. App. 2010, no pet.) (citing *Ocomen v. Rubio*, 24 S.W.3d 461, 466 (Tex. App. 2000,

no pet.)).

B

Plaintiffs allege that Outreach committed certain acts and/or omissions in the medical care and treatment of Sutton.  Specifically, they aver that Outreach acted negligently by, *inter alia*, "failing to warn Mr. Sutton about the known dangers associated with the use of the product in question; . . . failing to provide adequate maintenance to the product in question; and . . . failing to respond to complaints of unusual noises coming from the product in question."  Pet. ¶ 9.2.  Plaintiffs also allege that Outreach

> holds itself out to the general public . . . as a home health and assisted living provider which is competent and qualified to provide health care and assisted living services with all the necessary care and precaution expected of such company, and further, has held, and does hold itself out to the general public, as a company which is competent and qualified to care for patients who require medical attention and assisted living services.

*Id.* ¶ 2.6.  They aver that Outreach's negligence was a proximate cause of Sutton's injuries, damages, and ultimate death.  *Id.* ¶ 9.3.

Under *Smallwood* the court first applies a Rule 12(b)(6)-type analysis to plaintiffs' medical negligence claim against Outreach, construing the factual allegations and drawing reasonable inferences in their favor.  Moreover, "[b]ecause state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the] complaint under Texas' notice pleading standard."  *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008)

- 5 -

(Fitzwater, C.J.) (collecting cases).  Under the Texas Rules of Civil Procedure, a petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a).  "That an allegation be . . . of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b).  Texas' "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007); *see also Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 421 (Tex. App. 1989, no writ) (describing "Texas' traditionally liberal pleading principles").

Plaintiffs allege that Outreach, as a home health and assisted living provider, had a duty to "possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing, engaged in the same type of speciality in the locality in which they practice[.]" Pet. ¶ 9.2.  As described above, they assert that Outreach breached this duty by, *inter alia*, "failing to warn Mr. Sutton about the known dangers associated with the use of the product in question; . . . failing to provide adequate maintenance to the product in question; and . . . failing to respond to complaints of unusual noises coming from the product in question." Pet. ¶ 9.2.  Finally, plaintiffs allege that Outreach's negligence was a proximate cause of Sutton's injuries and death.

Considering plaintiffs' allegations as a whole, the court holds that they have at least

stated a claim against Outreach for negligence or medical negligence under Texas law. Airsep has therefore failed to meet its heavy burden of establishing that there is no possibility of recovery by plaintiffs against Outreach, i.e., that there is no reasonable basis for the court to predict that plaintiffs might be able to recover against Outreach.

## C

Airsep argues, however, that the court should exercise its discretion under *Smallwood* to pierce plaintiffs' pleadings and conduct a summary inquiry. It contends the court should consider evidence that Outreach only agreed to provide limited services to Sutton (which did not include monitoring or inspecting the oxygen concentrator), that Outreach was never made aware of any alleged problem with the oxygen concentrator, and that Outreach "did not have any involvement with Mr. Sutton's concentrator." Ds. Br. 4. But making these determinations would require the court to consider the meaning and effect of numerous terms in the contract between Sutton and Outreach, in addition to other disputed facts surrounding the relationship between the various Outreach employees and Sutton and the events leading up to the fire that the oxygen concentrator allegedly caused. In its discretion, the court declines to consider such evidence because the risk of moving into a resolution of the merits is too great. Airsep is not relying on "discrete and undisputed facts" that plaintiffs have "misstated or omitted." *Smallwood*, 385 F.3d at 573. Rather, Airsep is asking this court to resolve an array of issues that are to be resolved in the context of fully developed litigation. The facts that Airsep is requesting the court to decide in the context of this remand motion

are unlike the examples cited in *Smallwood* as suitable for resolution under a summary inquiry: that "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12. Therefore, Airsep has failed to satisfy its heavy burden of establishing that there is no reasonable basis for the court to predict that plaintiffs will recover under state law against Outreach, a Texas defendant, for negligence or medical negligence.

*   *   *

Accordingly, the court holds that Airsep has failed to satisfy its heavy burden of establishing that Outreach—the in-state defendant—was improperly joined. The court grants plaintiffs' November 4, 2011 motion to remand because the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This action is remanded to the 44th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.[2]

**SO ORDERED.**

January 27, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]Airsep's request for a hearing is denied. Plaintiffs' motion presents a straightforward application of the improper joinder doctrine.